Littleton, Judge,
delivered the opinion of the court:
Plaintiff sues for $87,500 for alleged breach by the defendant of a contract of sale by plaintiff to defendant, at the price stated, of the S. S. Medric. Defendant refused, for the reasons stated in the findings, to accept and pay for the vessel, and claims in justification of such refusal misrepresentations of mateiial facts which amount to fraud. It has also filed a counterclaim for $6,960.87 representing the actual costs incurred for the care and protection of the vessel after plaintiff’s refusal to remove it.
The facts established by the record show, as set forth in the findings, that plaintiff made fraudulent representations of material facts concerning the Medric which were properly relied upon by Commander Rawlings, acting for defendant, who was thereby misled into agreeing on a price of $87,500 as fair and reasonable for the vessel. Plaintiff knew, or should have known, that certain representations of material facts which he made concerning the condition of the vessel and of the annual expenditures for repairs and replacements thereof were not true. These material repre-¡ eentations were made by plaintiff as an inducement to the *140 defendant to purchase the vessel and in support of plaintiff’s effort to obtain a price of $125,000 therefor. They were made with intent that they should be relied upon. The proof leaves no doubt that Commander Eawlings, who was the officer of the Government duly authorized to carry on negotiations for the purpose of arriving at a fair and reasonable price for the vessel, did rely upon plaintiff’s representations in offering a price of $87,500. The defendant was therefore justified in rescinding the agreement as to the price and in refusing to accept the vessel and execute the written contract. Taylor v. Burr Printing Co., 26 Fed. (2d) 331; Keeler v. Fred T. Ley de Co., Inc., 49 Fed. (2d) 872.
Plaintiff argues that representatives of the defendant made inspections of the vessels before the conference of September 9, 1941, at which the price above-mentioned was agreed upon, and was not, therefore, justified in relying upon any representations of plaintiff concerning the condition of the vessel. These inspections in May and June 1941 are described in finding 3. Eeports were made of only two of these inspections. These reports were brief and cursory; they appear to have been based largely upon representations made by plaintiff’s representatives; they disclosed little information as to the actual condition of the vessel, and Commander Eawlings had no knowledge or information as to the actual condition of the vessel other than these reports and the representations made by or on behalf of plaintiff in the letter of October 26, 1940, and at the conference of September 9, 1941.
In view of the- actual condition of the vessel at the time it was tendered for acceptance, as established by the proof, it is evident that the inspections by Government agents, as to which reports were submitted, wei’e negligently or carelessly made, or reported. The Government cannot be held liable for the negligence, malfeasance, or omission of duty of its agents. Commander Eawlings had the two inspection reports mentioned and used them for what he considered them to be worth, but his testimony shows very clearly that he also materially relied on plaintiff’s representations as to the condition of the vessel and other material representations concerning it, as to some of which he had no informa *141 tion at all. It is not essential to the right of rescission that representations by plaintiff should have been the sole cause of the action taken by the Government, which claims to have been injured by such representations, but it is sufficient that the representations were one of several inducements and exerted a material influence. Plaintiff’s misrepresentations did exert a material influence. It was not necessary that plaintiff’s misrepresentations be the paramount inducement to action taken by the Government. Since such representations were a material inducement, rescission may be had although Commander Rawlings was influenced to some extent by information contained in the inspection reports of the agents in the Government service.
Plaintiff argues that no representations upon which the Government was entitled to rely were made at the conference with Commander Rawlings on September 9, 1941, but that what plaintiff’s authorized representative said at that time as to the condition of the vessel, the extent of the expenditures for repairs and replacements, and the book value were mere matters of opinion. Plaintiff in a letter of October 26, 1940, to the Navy Department made positive representations as to the condition of the vessel which were not true. We cannot agree that the statements made on behalf of the plaintiff at the conference of September 9 were mere expressions of opinion. The proof shows that the representations made by plaintiff with reference to expenditures for repairs and replacements were false and untrue, and that other statements concerning related matters were misleading. Such representations were not considered by the Government as expressions of opinion, but, on the contrary, were treated and relied upon as representations of matters of fact of reasonable accuracy with intention that they be relied upon. The proof shows that plaintiff’s statements were so relied upon, and that they materially influenced the decision on behalf of the Government with regard to the price of $87,500 offered. We think the Government was justified in so relying upon the representations in relation .to the annual expenditures for repairs and replacements, and other related values. Instead of being reasonably accurate such representations were false and untrue.
*142 Plaintiff’s representative, Avho had been general manager of the corporation which was the beneficial owner of the vessel since its organization in 1924, was the only person who was in a position to know what the true facts were with reference to the annual expenditures for repairs and replacements, and the book value of the vessel. He knew, or should have known, what these expenditures and values were, and if he did not know he should not have misled the Government into believing that he did. The questions asked by Commander Rawlings at the conference on September 9 with reference to these matters called for a statement of fact and not an opinion, and we think plaintiff’s representative so understood and intended that the Government should rely upon his statement that such expenditures for repairs and replacements were between $8,000 and $10,000 a year. After having first made this statement plaintiff’s representative further specifically urged the expenditures in the amount stated in support of his effort to influence the Government to agree to pay him his modified price of $100,000. The Government has established misrepresentations which amount to fraud. Plaintiff is therefore not entitled to recover and the petition is dismissed.
Defendant is entitled to recover on its counterclaim, and judgment in its favor for $6,960.87 will be entered. It is so ordered.
MaddeN, Judge; and Whitaker, Judge, concur.